UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT JEFFREY TLUSTY,

    Plaintiff,

v.                                    Case No. 5:24-cv-166-TKW/MJF

K. DAVIS, *et al.*,

    Defendants.
                                       /

## REPORT AND RECOMMENDATION

This is Plaintiff Robert Tlusty's second attempt to establish that Bureau of Prison employees violated Plaintiff's constitutional rights on December 2 and December 3, 2021, while Plaintiff was confined at the Federal Correctional Institution–Marianna. The undersigned has screened Plaintiff's complaint. Because the doctrine of claim preclusion bars some of Plaintiff's claims, and he fails to state a claim upon which relief can be granted as to his other claims, the District Court should dismiss this action.

### I. Background

On July 24, 2024, Plaintiff commenced this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971). Doc. 1 at 4, 17.[1] Plaintiff is a prisoner of the Wisconsin Department of Corrections currently housed in Portage, Wisconsin. *Id.* at 2, 4. Plaintiff's claims arise from his incarceration in FCI Marianna. *Id.* at 4. Plaintiff sues at least five Defendants: Officer D. Swain, Officer K. Davis, Officer S. Vann, Lieutenant T. Sherman, and "Unknown Defendant(s)." *Id.* at 2–3, 18.

### A. Plaintiff's Current Allegations

Plaintiff alleges that on December 2, 2021, the BOP placed Plaintiff in the Special Housing Unit ("SHU") at FCI Marianna. Upon entering the SHU, Officer Swain conducted a visual strip search of Plaintiff. Doc. 1 ¶¶ 4–5; *id.* at 11. Swain escorted Plaintiff to the holding tank where Swain allegedly:

- "violently pushed, then pulled on the Plaintiff's left arm";
- "led Plaintiff chest-first into the grill doorjamb";
- "tried to trip & slam [Plaintiff] to the floor twice"; and
- struck Plaintiff in the face two times with a closed fist.

---

[1] The page numbers referenced herein are to those assigned by the Court's Case Management/Electronic Case Files system, which appear on the top right corner of the document.

Later that day, Sherman and Vann placed Plaintiff in a cell with "a known sexual predator." *Id.* ¶¶ 18–19. "Throughout December 2, 2021," Plaintiff's cellmate "sexually harassed" Plaintiff by "rubbing on the Plaintiff's person, commenting on how soft [Plaintiff's] skin was, while continuing to request sexual favors." *Id.* ¶ 22.

Plaintiff asserts that on December 2, 2021, Swain contacted Davis, and they colluded to assault Plaintiff. *Id.* ¶ 23. On December 3, 2021, Davis refused to let Plaintiff leave the cell for recreation and instead sprayed Plaintiff with "a canister of riot gas." *Id.* ¶¶ 28–29, 31–33.

Based on these facts, Plaintiff asserts the following claims against Defendants:

- Swain conducted a strip search in a humiliating and degrading manner in violation of the Fifth Amendment;

- Swain "violently assaulted Plaintiff during the escort and then dragged [Plaintiff] into a cell and off camera in order to continue assaulting [Plaintiff]" in violation of the Eighth Amendment;

- Swain colluded with Davis to spray Plaintiff with a chemical agent in violation of the Fifth and Eighth Amendments;

- Vann deliberately placed Plaintiff in a cell with a known sexual predator in retaliation for Plaintiff "utilize[ing] the safeties a transgender person is provided within the Prison Rape Elimination Act";

- Sherman deliberately placed Plaintiff in a cell with a known sexual predator in retaliation for Plaintiff "utilize[ing] the safeties a transgender person is provided within the" Prison Rape Elimination Act;

- Davis used excessive force when Davis sprayed a chemical agent into Plaintiff's cell in violation of the Fifth and Eighth Amendments; and

- The "Unknown Defendant(s)" violated the Fifth and Eighth Amendments.

Doc. 1 at 11, 18–20. Plaintiff does not identify the specific Fifth and Eighth Amendment claim he attempts to assert against the "Unknown Defendant(s)." Plaintiff's complaint is likewise devoid of facts—except that the Unknown Defendant(s)' unspecified conduct occurred on December 3, 2021—that would support the unidentified claim(s). *Id.* at 21.

As relief, Plaintiff seeks compensatory and punitive damages, an investigation of Defendants, and the indictment and prosecution of Defendants.

B. *Tlusty v. Swain*, 5:23-cv-319-MCR-MJF (N.D. Fla.) (*Tlusty I*)

As mentioned above, the instant case is not Plaintiff's first attempt at suing Defendants for the conduct described above. On December 6, 2023, Plaintiff commenced a civil action against the same Defendants in

the United States District Court for the Northern District of Florida.[2] *Tlusty v. Swain*, 5:23-cv-319-MCR-MJF, Complaint, ECF No. 1 (N.D. Fla.). Plaintiff's third amended complaint in *Tlusty I* is nearly identical to the complaint in the instant action. *Compare Tlusty I,* ECF No. 22 *with* Doc. 1.

After screening Plaintiff's third amended complaint, on May 6, 2024, the undersigned recommended that the district court dismiss Plaintiff's third amended complaint because Plaintiff failed to state a claim upon which relief can be granted. ECF No. 23. On May 16, 2024, Plaintiff filed an objection to the undersigned's report and recommendation. ECF No. 25. On June 4, 2024, United States District Judge M. Casey Rodgers adopted the undersigned's report and recommendation over Plaintiff's objections. ECF No. 26. Judge Rodgers

---

[2] Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). This court will cite documents filed in *Tlusty I* as "ECF No. ___" and documents filed in the instant case as "Doc. ___"

dismissed Plaintiff's claims with prejudice for failure to state a plausible claim for relief. ECF No. 26; *see* ECF No. 27.

On June 6, 2024, Plaintiff filed a notice of appeal. ECF No. 28. On July 3, 2024, the United States Court of Appeals for the Eleventh Circuit dismissed Plaintiff's appeal. ECF No. 33; *Tlusty v. Swain*, No. 22-11921, ECF No. 2 (11th Cir. July 3, 2024).

## II.  SCREENING STANDARD

Because Plaintiff is a prisoner and is proceeding *in forma pauperis*, the District Court is required to review the complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (comparable screening provision of *in forma pauperis* statute).

To survive this review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P.

12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. The mere possibility that the defendant acted unlawfully is insufficient. *Iqbal*, 556 U.S. at 678.

Furthermore, a federal court must dismiss a claim for failure to state a claim when the allegations demonstrate that recovery is barred by an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Ingram v. Kubik*, 30 F.4th 1241, 1250 (11th Cir. 2022). This includes the affirmative defense of claim preclusion. *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 n.2 (11th Cir. 2010); *see generally Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("A plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious under the PLRA.").

### III.  DISCUSSION

### A.  Claim Preclusion

Plaintiff's excessive force claims and retaliation claims are barred by the doctrine of claim preclusion and are duplicative of the claims raised by Plaintiff in *Tlusty I*.

Claim preclusion prohibits "repetitious suits involving the same causes of action." *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948). Claim preclusion applies when "(1) a court of competent jurisdiction has (2) rendered a final judgment on the merits in another case involving (3) the same parties and (4) the same cause of action." *Shurick*, 623 F.3d at 1116–17 (citing *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)); *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001).

#### 1.  *A Court of Competent Jurisdiction Decided Tlusty I*

In *Tlusty I*, the district court possessed subject-matter jurisdiction based on federal-question jurisdiction. Therefore, the district court in *Tlusty I* was a court of competent jurisdiction to enter final judgment on Plaintiff's claims. *See Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1502 (11th Cir. 1990).

### 2. *Tlusty I Resulted in a Final Judgement on the Merits*

In *Tlusty I*, Judge Rodgers issued a final judgment on the merits adverse to Plaintiff. ECF No. 26. Specifically, Judge Rodgers found that Plaintiff failed to state plausible excessive force claims against Swain and Davis. ECF No. 26. Additionally, she found that Plaintiff failed to state a failure to protect claim against Sherman and Vann for placing Plaintiff in a cell with a "known sexual predator" who later "sexually harassed" Plaintiff by "rubbing on the Plaintiff's person, commenting on how soft [Plaintiff's] skin was, while continuing to request sexual favors." *Id.*; *see* ECF No. 27. This constitutes a final judgment on the merits. *Harmon v. Webster,* 263 F. App'x. 844, 845 (11th Cir. 2008); *Hughes v. Lott,* 350 F.3d 1157, 1161–62 (11th Cir. 2003).

### 3. *Tlusty I Involved the Same Parties*

Plaintiff also was the plaintiff in *Tlusty I*. Doc. 1 at 1 (identifying Plaintiff's inmate number as 717944); *Tlusty I*, ECF No. 22 at 1 (identifying Plaintiff's inmate number as 717944). Furthermore, Plaintiff named the same five Defendants in each lawsuit: Officer D. Swain, Officer K. Davis, Officer S. Vann, Lieutenant T. Sherman, and "Unknown Defendant(s)." Doc. 1 at 2–3, 18; *Tlusty I*, ECF No. 22 at 2–3, 18.

### 4. *Tlusty I Involved the Same Causes of Action*

As to the final element of claim preclusion, claims are part of the same cause of action when the claims "arise[] out of the same nucleus of operative facts, or [are] based upon the same factual predicate, as a former action." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013) (quoting *In re Piper Aircraft Corp.*, 244 F.3d at 1296–97).

### (a). <u>Plaintiff's Claims Against Davis</u>

In *Tlusty I*, Plaintiff alleged that Davis used excessive force when Davis sprayed a chemical agent into Plaintiff's cell. *Tlusty I*, ECF No. 22 ¶¶ 27–32. Additionally, Plaintiff alleged that Swain and the "Unknown Defendant(s)" "colluded" with Davis and "orchestrated" Davis's unjustified use of force. *Id.* at 19.

In the instant action, Plaintiff asserts that Davis violated Plaintiff's Eighth Amendment rights when Davis—after colluding with Swain—sprayed a chemical agent into Plaintiff's cell. Doc. 1 at 20. To support these claims, Plaintiff relies on the same allegations Plaintiff made in *Tlusty I*. *Compare* Doc. 1 ¶¶ 29–33 *with Tlusty I*, ECF No. 22 ¶¶ 30–33.

### (b). Plaintiff's Claims Against Sherman and Vann

In *Tlusty I*, Plaintiff alleged that Vann and Sherman failed to protect Plaintiff under the Eighth Amendment. ECF No. 22 ¶¶ 18–21. Plaintiff acknowledged that Vann's and Sherman's actions were intended as "punishment" for resisting Swain's attempt to place Plaintiff in a cell. *Id.* at 20.

In the instant case, Plaintiff alleged that Vann and Sherman retaliated against Plaintiff for resisting Swain's attempt to put Plaintiff in a cell. Doc. 1 ¶¶ 18–22; *id.* at 19. To support these claims in the instant action and *Tlusty I*, Plaintiff alleged nearly identical facts. *Id.* ¶¶ 18–22; *Tlusty I,* ECF No. 22 ¶¶ 18–21.

Although Plaintiff has changed the legal theory on which he intends to proceed against Vann and Sherman, claim preclusion applies to claims raised in a subsequent action that "could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020); *Lobo,* 704 F.3d at 883 ("Claim preclusion 'applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact.'"). Plaintiff's

current claim of retaliation is predicated on the same facts as his failure-to-protect claim in *Tlusty I*, and Plaintiff could have asserted a retaliation claim in *Tlusty I*.

### (c). <u>Plaintiff's Claims Against Swain</u>

In *Tlusty I*, Plaintiff alleged two excessive force claims against Swain: (1) Swain used excessive force by pushing and striking Plaintiff and (2) Swain colluded with Davis to spray a chemical agent in Plaintiff's cell. ECF No. 22 ¶¶ 6–14; *id.* at 19. In the instant action, Plaintiff asserts the same claims. Doc. 1 at 11, 18–19. Plaintiff's excessive force claims against Swain are identical to the claims presented in *Tlusty I* and based on the same nucleus of operative facts as his claims in *Tlusty I*. Doc. 1 ¶¶ 7–15; *Tlusty I*, ECF No. 22 ¶¶ 7–15.

### 5. *Conclusion of The Claim Preclusion Analysis*

Because each element of claim preclusion is satisfied with respect to Plaintiff's claims against Davis, Sherman, and Vann, the District Court must dismiss those claims. Similarly, the District Court must dismiss Plaintiff's claims that Swain used excessive force because each element of claim preclusion is satisfied as to those claims.

B.  **Failure to State a Plausible Claim for Relief**

The District Court should dismiss Plaintiff's claim against the "Unknown Defendant(s)" and his claim that Swain conducted a strip search in a derogatory and demeaning manner because Plaintiff has failed to state a plausible claim for relief.

1.  *Plaintiff's Failure to State a Claim Against The "Unknown Defendant(s)"*

A plaintiff must plead *facts* "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, Plaintiff did not identify the claim he seeks to assert against the "Unknown Defendant(s)." Doc. 1 at 11, 18–20. Plaintiff also did not allege any facts about what the "Unknown Defendant(s)" did or failed to do, or how they caused Plaintiff harm or violated federal law. *See* Doc. 1 at 5–10. Because Plaintiff failed to provide any facts about the "Unknown Defendant(s)," Plaintiff necessarily failed to state a plausible claim for relief against them.

Furthermore, leave to amend the complaint would be futile. In the instant case, Plaintiff asserts that the "Unknown Defendant(s)" engaged in misconduct on December 3, 2021. Doc. 1 at 21. In *Tlusty I*, Plaintiff asserted that on December 3, 2021, the "Unknown Defendant(s)"

colluded with Davis and Swain to spray Plaintiff with chemical agents. *Tlusty I*, ECF No. 22 at 19. Under Rule 20, a plaintiff may join multiple defendants in a single cause of action only if the plaintiff's right to relief against the defendants arises out of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20(a)(2).

In light of Plaintiff's assertion that the claim against the "Unknown Defendant(s)" stem from an incident that occurred on December 3, 2021, Rule 20's requirement that their actions arise out of the same transaction or occurrence as the other Defendants in this action, and Plaintiff's attempt to relitigate claims from *Tlusty I*, Plaintiff must be attempting to reassert the claim that on December 3, 2021, the "Unknown Defendant(s)" colluded with Davis and Swain to spray Plaintiff with chemical agents. Because claim preclusion would bar Plaintiff from again litigating this claim, it would be futile for Plaintiff to amend the complaint. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

Therefore, the District Court should dismiss Plaintiff's unspecified claim against the "Unknown Defendant(s)."

### 2. *Bivens Does Not Create a Cause of Action for Plaintiff's Strip-Search Claim*

The Supreme Court has recognized an implied cause of action under the Constitution for damages in only three specific contexts: (1) an unreasonable search claim of an apartment of an incarcerated plaintiff under the Fourth Amendment, *Bivens*, 403 U.S. at 392; (2) a sex-discrimination claim under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 248–49 (1979); and (3) a medical-deliberate-indifference claim under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 18 (1980). The expansion of *Bivens* beyond these three specific contexts is "disfavored." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017).

Since *Carlson v. Green*, the Supreme Court consistently has declined to imply new private causes of action for damages. *See Egbert v. Boule*, 596 U.S. 482, 486 (2022) (declining to imply a cause of action for a Fourth-Amendment excessive-force claim and a First-Amendment retaliation claim); *Hernandez v. Mesa*, 589 U.S. 93, 103 (2020) (declining to imply a cause of action for damages for an excessive-force claim);

*Ziglar,* 582 U.S. at 140 (declining to extend *Bivens* to a claim that detained individuals were subject to strip searches in violation of the Fifth Amendment). When a plaintiff attempts to assert a Bivens claim to a new context, courts must consider whether any special factors weigh against extending Bivens to this next context. *Egbert*, 596 U.S. at 492.

Here, there are at least two factors that weigh against extending *Bivens* to cases involving strip searches of incarcerated persons.

First, although the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997, *et seq.*, did not preclude *Bivens* actions, it also did not authorize new private causes of actions for incarcerated persons. Because of this, the Court in *Ziglar* observed that this might indicate that "Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment." *Ziglar*, 582 U.S. at 148–49.

Second, there is no need to extend *Bivens* to this context because the Bureau of Prisons itself has created a remedy in its "Administrative Remedy Program." "[A] court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure." *See Egbert,* 596 U.S. at 493;

*Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (declining to recognize a *Bivens* action for an Eighth-Amendment claim in part because prisoners "have full access to remedial mechanisms established by the [Bureau of Prisons]," including "grievances filed through [its] Administrative Remedy Program."); *Johnson v. Terry*, __ F.4th __, 2024 WL 3755110, at *16 (11th Cir. Aug. 12, 2024) (concluding that the existence of the BOP grievance program counsels against extending *Bivens*).

Accordingly, there is no reason to extend *Bivens* to claims by incarcerated persons that a strip search was unreasonable, and the District Court should dismiss Plaintiff's strip-search claim against Swain.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends that the District Court:

1. **DISMISS** this action under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b) as an abuse of the judicial process and for failure to state a claim upon which relief can be granted.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>15th</u> day of August, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> **An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties are also advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**